IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Darrin G. Sweeny, | Case No. 1:09 CV 2377 |
| Petitioner, | O R D E R |
| -vs- | JUDGE JACK ZOUHARY |
| Richard Gansheimer, | |
| Respondent. | |

This matter comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Vecchiarelli pursuant to Local Rule 7.2. Petitioner, Darrin Sweeny, filed *pro se* a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondent, Richard Gansheimer, Warden of the Lake Erie Correctional Institution, filed an Answer/Return of Writ (Doc. No. 6). Petitioner filed a Traverse/Response (Doc. No. 9).

The Magistrate found that Petitioner's first and fifth grounds were without merit, his second ground should be dismissed as beyond the subject matter jurisdiction of this Court, and his third and fourth grounds should be dismissed as procedurally defaulted, and that, therefore, the Petition should be denied. (Doc. No. 11, p. 39).

Petitioner filed an Objection (Doc. No. 14) to the Magistrate's R&R. Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition.

Petitioner presented the following objections to the R&R, the merits of which were previously addressed by the Magistrate:

1. Dismissal of Petitioner's "manifest weight" of the evidence claim as not cognizable in a habeas proceeding (Doc. No. 11, pp. 9-11).

2. Procedural default of the claim that irrelevant and prejudicial testimony violated his right to due process and a fair trial under the Fourteenth Amendment (Doc. No. 11, pp. 12-15).

3. Procedural default of his claim that the trial court's jury instruction on complicity was erroneous and so infected the entire trial that it violated his right to due process and a fair trial under the Fourteenth Amendment (Doc. No. 11, p. 16).

4. Rejection of the claim that his conviction was based upon insufficient evidence in violation of the due process rights under the Fourteenth Amendment (Doc. No. 11, pp. 18-22).

5. Rejection of his claim that the trial court's admission of Shermer's testimony rendered the trial so fundamentally unfair as to constitute a denial of his due process rights (Doc. No. 11, pp. 22-26).

6. Rejection of his claim that the trial court's jury instructions on complicity were inconsistent with federal and state law, thus rendering the trial so fundamentally unfair as to constitute a denial of his right to due process and a fair trial under the Fourteenth Amendment (Doc. No. 11, pp. 26-28).

7. Rejection of the claim that he received ineffective assistance of counsel who failed to challenge the trial court's application of the Ohio Supreme Court's sentencing remedy in *State v. Foster*, 109 Ohio St. 1 (2006), which resulted in a longer sentence, with a drug offender specification, in violation of his rights to due process and jury trial (Doc. No. 11, pp. 31-33)

8. Rejection of the claim that he received ineffective assistance of counsel who failed to challenge the trial court's application of the Ohio Supreme Court's sentencing remedy in *State v. Foster*, 109 Ohio St. 1 (2006), post-dating his crime, which enhanced his criminal sentence without fair warning in violation of his due process and ex post facto rights (Doc. No. 11, pp. 33-38).

This Court has reviewed *de novo* those portions of the Magistrate's R&R to which objection has been made. See Federal Civil Rule 72(b). This Court finds the R&R to be thorough, well-supported, and correct. The R&R fully and properly addresses all of Petitioner's claims. Petitioner's objections fail to raise any errors. Specifically, this Court finds that the eight issues Petitioner raised in his Objection merely rehash arguments that have already been fully considered and rejected by the R&R.

For the foregoing reasons, this Court adopts the Magistrate's R&R in its entirety. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c). The Petition for Writ of Habeas Corpus is hereby denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 30, 2010